UNITED STATES COURT
OF INTERNATIONAL TRADE

CAN THO IMPORT EXPORT SEAFOOD
JOINT STOCK COMPANY,
                    Plaintiff,

v.                                                                 **Court No. 24-00080**

UNITED STATES,

                    Defendant.

## COMPLAINT

Plaintiff, Can Tho Import Export Seafood Joint Stock Company ("Caseamex" or "Plaintiff"), by and through its attorneys, alleges and states as follows:

### ADMINISTRATIVE DETERMINATION CONTESTED

1. This action is an appeal from the *Final Results* issued by the United States Department of Commerce ("Commerce" or "Department") in the nineteenth administrative review ("AR 19") of the antidumping ("AD") order on certain frozen fish fillets from the Socialist Republic of Vietnam ("Vietnam"). The contested AR 19 *Final Results* cover entries of subject frozen fish fillets from Vietnam during the period of review ("POR") from August 1, 2021 through July 31, 2022 ("POR19").

2. Commerce issued its contested AR19 *Final Results* on March 5, 2024 and published an official notice of same in the *Federal Register* on March 14, 2024. *See Certain Frozen Fish Fillets from the Socialist Republic of Vietnam: Final Results and Partial Rescission of Administrative Review; 2021-2022,* 89 Fed. Reg. 18,595 (Dep't Commerce March 14, 2024) ("*Final Results*").

3. Commerce's final determinations, findings, and conclusions are set out primarily in the March 5, 2024 "Decision Memorandum" for the *Final Results. See Decision Memorandum*

*from J. Maeder to Ryan Majerus for the Final Results of the Antidumping Duty Administrative Review: Certain Frozen Fish Fillet from the Socialist Republic of Vietnam; 2021-2022;* (March 5, 2024) ("*Final Decision Memo*").

4. This action contests the Department's AR19 *Final Results.* Commerce improperly calculated Plaintiff Caseamex's individual AD rate by denying certain byproduct offsets, and for other reasons. Commerce also provided incorrect and otherwise vague instructions to U.S. Customs and Border Protection ("CBP") regarding assessment of such AD duties on Caseamex's entries. Commerce did so without legal justification or evidentiary support. Commerce's *Final Results* are therefore unsupported by substantial evidence and not in accordance with law.

## JURISDICTION

5. This action was commenced under sections 516a(a)(2)(A)(i)(I), 516a(a)(2)(B)(iii), and 516a(d) of the Tariff Act of 1930, to contest the *Final Results* issued by Commerce in the seventeenth administrative review of the AD order on certain frozen fish fillets from Vietnam. *See* 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and 1516a(a)(2)(B)(iii); s*ee also* 19 U.S.C. § 1516a(d).

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1581(c), which provides that this Court has exclusive jurisdiction over civil actions commenced under section 516A of the Tariff Act of 1930 (19 U.S.C. § 1516a), which provides that final determinations by Commerce are reviewable by this Court.

## STANDING

7. Plaintiff is a foreign producer and/or exporter of subject merchandise and is therefore an interested party within the meaning of 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3), and 28 U.S.C. § 2631(k)(1).

8. Plaintiff was a mandatory respondent and actively participated in this case in the underlying AR19 administrative review through the submission of both factual information and legal arguments, including submission of multiple questionnaire responses and briefs contesting the *Final Results*. Plaintiff was, therefore, one of the "parties to the proceeding" and it has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

9. Commerce published notice of the contested *Final Results* on March 14, 2024. *See Final Results*, 89 Fed. Reg. 18,595.

10. This action was commenced with the filing of the Summons on April 11, 2024, within 30 days after publication of the *Final Results*. Accordingly, this action was timely commenced within the period specified in 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and 28 U.S.C. §2636(c), and Rule 3 of the Rules of this Court.

11. This Complaint is filed within 30 days of the filing of the Summons in this action and is therefore timely under the statutorily-prescribed time limits set forth in 19 U.S.C.§ 1516a(a)(2)(A)(i)(I), and Rule 3 of the Rules of this Court.

## STATEMENT OF FACTS

12. On October 11, 2022, Commerce initiated the nineteenth review of the AD order on certain frozen fish fillets from Vietnam. *Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 87 Fed. Reg. 61,278 (Dep't Commerce Oct. 11, 2023). Plaintiff Caseamex was individually named as one of the respondents in this review. *See id*. at 61,282.

13. On February 3, 2023, Commerce selected Caseamex as one of two "mandatory respondents" in this case. *See Memorandum to Lisa W. Wang from James Maeder: Decision Memorandum for the Preliminary Results of the Antidumping Duty Administrative Review:*

DCACTIVE-76450982.1

*Certain Frozen Fish Fillets from the Socialist Republic of Vietnam; 2021-2022* (Dep't Commerce August 31, 2023) ("*Preliminary Decision Memo*") at 1.

14.     Caseamex timely and properly responded to all AD questionnaires issued to it as a mandatory respondent, including initial and supplemental questionnaires regarding its sales and cost information. *See id*. at 4. This included Caseamex's timely and complete initial Section D Questionnaire submitted on April 3, 2023, and multiple supplemental Section D Questionnaires submitted after that time up through August 21, 2023. *See id.* at n.24 and n.25. This information included all of its required "Factors of Production" information.

15.     The Department accepted all of Caseamex's submitted sales and cost information and, on August 31, 2023, officially issued its *Preliminary Results* in this case (published in the Federal Register on September 7, 2023). *See Certain Frozen Fish Fillets from the Socialist Republic of Vietnam: Preliminary Results of Antidumping Duty Administrative Review, Preliminary Determinization of No Shipments; 2021-2022*, 88 Fed. Reg. 61,525 (Dep't Commerce Sept. 7, 2023) ("*Preliminary Results*"). Commerce calculated a preliminary weighted-average dumping margin of $0.14 per kilogram for Caseamex. *See id*. at 61,526.

16.     In the *Preliminary Results*, Commerce used Caseamex's reported "Factors of Production" ("FOP") and sales information submitted on the record. *See Memorandum to the File from C Maciuba: Preliminary Analysis Memorandum for Can Tho Import Export Seafood Joint Stock Company (Dep't Commerce August 31, 2023)* ("*Preliminary Analysis Memo*") at 1. This included all FOPs reported by Caseamex for farming live whole fish, processing of live whole fish, and sales of by-products. *Id*. at 2. This also included all processing and farming inputs, including both "frozen by-products and processed by-products/co-products." *See Preliminary Decision Memo* at 20. The Department did not mention any discrepancies in Caseamex's reported FOP data at the time it issued its *Preliminary Results*.

4

17.     On January 3, 2024, Petitioners Catfish Farmers of America ("CFA") filed a case brief challenging various aspects of the Department's *Preliminary Decision* for Caseamex, including the Department's decision to allow Caseamex a "byproduct offset." *See* Letter from Wiley Rein to the Department Re: *CFA Case Brief* (Jan. 3, 2024) ("*CFA Case Brief*") at 49-52. Specifically, CFA argued that Caseamex "failed to provide all of the required documentation to demonstrate eligibility for a byproduct offset." *Id.* at 51. CFA therefore requested that Commerce deny Caseamex a byproduct offset. *See id.* at 52.

18.     On January 16, 2023, Caseamex timely filed a rebuttal brief disputing CFA's byproduct arguments, and confirming that it correctly reported all byproduct information. *See* Letter from Mayer Brown to the Department Re: *Rebuttal Brief* (Jan. 16, 2024) at 6. Caseamex further demonstrated that CFA's byproduct argument was based on a misunderstanding of the factual record. *Id.* at 9-10. Caseamex urged the Department not to deny its byproduct offset in the *Final Results*. *See id*.

19.     On March 9, 2022, Commerce issued its *Final Results*, wherein it rejected CFA's argument that Caseamex's reporting of its byproduct offset amounted to a "reporting failure." *Final Decision Memo at 19.* Despite this finding, Commerce rejected a portion of Caseamex's byproduct offset, including offsets for "fresh broken meant and the fresh fish waste by-products (collectively fresh by-products)." *See id.* at 18-19. Commerce concluded that Caseamex had "not sufficiently supported" its reporting of fresh byproduct offsets, including its failure to "provide certain key documentation" supporting its claims. *See id*.

20.     Based on these findings, Commerce denied Caseamex's fresh byproduct offset in the *Final Results*. *Id*. Commerce calculated a revised weighted-average AD rate for Caseamex of $0.18 per kilogram in the *Final Results*. *See Final Results*, 89 Fed. Reg. at 18,596.

21.  On April 24, 2024, Commerce issued liquidation instructions to U.S. Customs and Border Protection ("CBP") regarding liquidation of Caseamex's entries during the POR. *See* Message No. 4115406 (April 24, 2024). Those instructions advised CBP to liquidate certain of Caseamex's entries at the importer-specific rates calculated in this proceeding. *See id.* at ¶ 1.a. However, those instructions also advised CBP to liquidate certain Caseamex entries at the punitive Vietnam-wide rate of $2.39 per kilogram. *See id.* at ¶ 1.b.

## STATEMENT OF CLAIMS

Commerce's *Final Results* are unsupported by substantial evidence, arbitrary, unreasonable, and otherwise not in accordance with law as discussed below.

## COUNT ONE

22.  Plaintiff incorporates paragraphs 1 through 21 as fully set forth herein.

23.  Commerce denied various aspects of Caseamex's byproduct offset in the *Final Results*. *See Final Decision Memo* at 18-19. Commerce did so notwithstanding that it previously accepted Caseamex's byproduct offset without question in the *Preliminary Results*. *See Prelim Decision Memo* at 20. Commerce based is byproduct decision in the *Final Results* on its findings that Caseamex had "not sufficiently supported" its reporting of fresh byproduct offsets and that it had failed to "provide certain key documentation" supporting its byproduct claims. *See Final Decision Memo* at 18-20.

24.  The Department's findings on these issues are arbitrary, erroneous, unlawful, and unsupported by substantial evidence. The Department failed to consider all of the record evidence on this issue, including evidence detracting from its findings. In fact, contrary to Commerce's findings, the record reflects, *inter alia*, that Caseamex provided a full explanation of and documentary support for its byproduct offset. Commerce simply failed to consider all of this evidence. Commerce also failed to explain its decision in sufficient detail, as required by

6

law. *See e.g., Fuyao Glass Indus. Group Co. v. United States,* 30 CIT 165, 169 (2006) (noting that Commerce must "adequately explain" its reasons for reaching a decision).

25. Thus, the Department's decision denying Caseamex's byproduct offset was arbitrary, unreasonable, unsupported by substantial evidence, and otherwise contrary to law.

## COUNT TWO

26. Plaintiff incorporates paragraphs 1 through 25 as fully set forth herein.

27. Commerce stated in the *Final Results* that it would instruct CBP to liquidate all appropriate entries for Caseamex "in accordance with the final results of this review." *See Final Results,* 51 Fed. Reg. at 18,596. Commerce noted that it would use "importer-specific (or customer-specific) per-unit assessment rates" for Caseamex's entries. *See id*.

28. But Commerce did not follow its own written final decision on this issue when instructing CBP on the appropriate assessment methodology for Caseamex. Indeed, Commerce instructed CBP to liquidate certain of Caseamex's entries during the period of review at the harshly punitive "Vietnam-wide rate", which is a very high rate of $2.39 dollars per kilogram. *See* Message No. 4115406 (April 24, 2024) at ¶ 1.b. Commerce's use of this Vietnam-wide assessment rate for certain Caseamex entries was contrary to the importer-specific rates noted in the *Final Results*.

29. Moreover, Commerce never even mentioned or explained the use of this Vietnam-wide assessment methodology for Caseamex in its *Final Results* or *Final Decision Memo*, as it was required by law to do. *See e.g., Fuyao,* 30 CIT 165, 169 (2006). It simply issued the above-noted liquidation instructions (after the fact) that were contrary to its *Final Decision* and to its prior practice. *See Final Results,* 51 Fed. Reg. at 18,596. The instructions are also vague and

ambiguous. At a minimum, Commerce must follow the law and its prior practice, and explain the basis of its decisions, and the reasons therefore, and clearly articulate the instructions. *See id*.

30.     Thus, Commerce's decision instructing CBP to liquidate certain of Caseamex's entries at the Vietnam wide rate was arbitrary, unreasonable, unsupported by substantial evidence, and otherwise contrary to law.

## **DEMAND FOR JUDGMENT AND RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Hold that Commerce's *Final Results* are not supported by substantial evidence on the record and otherwise not in accordance with law;

2. Remand this matter to Commerce for disposition not inconsistent with the final opinion and order of this Court; and

3. Provide such further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Robert L. LaFrankie

Robert L. LaFrankie

CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004

*Counsel to Plaintiff Can Tho Import Export Seafood Joint Stock Company*

Dated:  May 10, 2024

DCACTIVE-76450982.1

## CERTIFICATE OF SERVICE

Pursuant to Rule 3(f) of the Court of International Trade, I, Robert L. LaFrankie, hereby certify that I have caused copies of the Complaint, in *Can Tho Import Export Seafood Joint Stock Company v. United States*, Case No. 24-00080 be served upon the parties in the administrative proceeding, by U.S. certified mail, return receipt requested and/or e-mail.

**UPON THE UNITED STATES**

Kara M. Westercamp
Trial Attorney
U.S. Department of Justice
Civil Division, Commercial Litigation Branch
P.O. box 480
Ben Franklin Station
Washington, DC 20044
Email: Kara.M.Westercamp@usdoj.gov

Attorney-in-Charge
International Trade Field Office
U.S. Department of Justice
National Courts Branch, Room 346
26 Federal Plaza
New York, NY 10278

Attorney-in-Charge
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530

**UPON THE DEPARTMENT OF COMMERCE**

Office of the General Counsel
U.S. Department of Commerce Mail Stop
5875 HCHB
14th and Constitution Avenue,
Washington DC 20230

Robert Heilferty
Chief Counsel
Office of the Chief Counsel for Trade
Enforcement and Compliance
International Trade Administration
U.S. Department of Commerce
1401 Constitution Ave., NW
Washington, DC 20230

**PARTIES TO THE PROCEEDING**

Matthew J. McConkey, Esq.
**MAYER BROWN LLP**
1999 K Street, NW
Washington, DC 20006-1101
mmcconkey@mayerbrown.com

Craig A. Lewis, Esq.
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, DC 20004
craig.lewis@hoganlovells.com

Donald B. Cameron, Esq.
**MORRIS, MANNING & MARTIN, LLP**
1401 I Street, NW, Suite 600
Washington, DC 20005
dcameron@mmmlaw.com

Nazak Nikakhtar, Esq.
**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
nnikakhtar@wiley.law

Andrew B. Schroth, Esq.
**GRUNFELD DESIDERIO LEBOWITZ SILVERMAN KLESTADT, LLP**
1201 New York Avenue NW, Suite 650
Washington DC 20005
aschroth@gdlsk.com

Camelia C. Mazard, Esq.
**DOYLE, BARLOW & MAZARD, PLLC**
1825 K St., NW, Suite 950
Washington, DC 20006
cmazard@dbmlawgroup.com

Jonathan M. Freed, Esq.
**TRADE PACIFIC PLLC**
600 Pennsylvania Ave, SE, Suite 401
Washington, DC 2003
jfreed@tradepacificlaw.com

Nguyen Tien Hung
Representative of C.P. Vietnam Corporation
IDVN Lawyers 21st FL.
Capital Tower, 109 Tran Hung Dao Street
Hoan Kiem District
Hanoi, Vietnam
Email: tienhung@idvn.com.vn

Date:  May 10, 2024                         */s/ Robert L. LaFrankie*
                                              Robert L. LaFrankie